# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| **KEVIN ORTIZ-BROOKS,**<br><br>*Petitioner,*<br><br>v.<br><br>**UNITED STATES OF AMERICA,**<br><br>*Defendant.* | **CIVIL NO. 17-1376 (DRD)**<br>**(Criminal Case No. 12-560 (DRD))** |

## OPINION AND ORDER

Pending before the Court is Kevin Ortiz-Brook's (hereinafter "Petitioner" or "Ortiz-Brooks") *Motion Under 28 U.S.C. § 2255* to *Vacate, Set Aside, or* Correct *Sentence by a Person in Federal Custody* (Dkt No. 1). Respondent, the United States of America (hereinafter, the "Government") filed its respective response in opposition thereto. (Dkt. No. 14).

For the reasons stated herein, the Court **DENIES** Petitioner's *Motion to Correct Sentence Under 28 U.S.C. § 2255*. (Dkt. No. 1)

### I.  FACTUAL BACKGROUND

On July 19, 2012, Petitioner was charged with aiding and abetting a carjacking in violation of 18 U.S.C. §2119 (1), (hereinafter "Count One") and aiding and abetting in the possession of a firearm in furtherance of a crime of violence in violation of 18 U.S.C. § 924 (c)(1)(A) (hereinafter "Count Two"). *See* Crim No. 12-560 at Dkt. No. 15 *Indictment*.

Petitioner pled guilty to Counts One and Two of the Indictment. *See* Crim No. 12-560 at Dkt. No. 105 *Second Amended Judgment*. Accordingly, on June 4, 2013, Petitioner was sentenced to sixty-six (66) months as to Count One, and eighty-four (84) months as to Count Two, to be served consecutively with each other for a total term of imprisonment of one hundred and fifty

(150) months. *Id.* Upon release from imprisonment, the Petitioner would be on supervised release for a term of three (3) years as to Count One, and five (5) years as to Count Two, to be served concurrently with each other. *Id.*

On March 19, 2017, the Petitioner timely initiated the instant matter pursuant to 28 U.S.C. § 2255 (Dkt. No. 1) claiming that the Supreme Court's decision in *Johnson v. United States,* 135 S. Ct. 2551 (2015) (hereinafter, *Johnson II)* struck down for vagueness the residual clause of the Armed Career Criminal Act (hereinafter ACCA), 18 U.S.C. § 924(e)(2)(B)(ii). The same opinion invalidates the similarly worded residual clause of 18 U.S.C. § 924(c)(3)(B). *See* Dkt. No. 1. On July 12, 2018, the Government filed a *Response* (Dkt. No. 14) in opposition thereto, arguing that § 924(c)(3)(B) (hereinafter, "§ 924's residual clause") is not unconstitutionally vague and that, in the alternative, Count Two should subsist because it falls under the § 924(c)(3)(A) (hereinafter, "§ 924's force clause").

## II.   ANALYSIS

Under § 2255, a prisoner prevails on his motion to vacate, set aside, or correct a sentence if the petitioner proves one of the following: (i) "the sentence was imposed in violation of the Constitution or laws of the United States," (ii) "the court was without jurisdiction to impose such sentence," (iii) "the sentence was in excess of the maximum authorized by law," or (iv) the sentence "is otherwise subject to collateral attack." 28 U.S.C. § 2255(a).

Petitioner's § 2255 action is based on his contention that (1) § 924(c)'s residual clause is unconstitutionally vague after *Johnson II*; and (2) that the crime of violence charged along with violations to § 924 (c), that is, aiding and abetting a carjacking, fails to categorically qualify as a crime of violence under §924(c)'s force clause.

Petitioner relies on *Welch*, wherein the Court held that Johnson constitutes "a substantive decision and so has retroactive effect in cases on collateral review." *Welch v. United States*, 136 S. Ct. 1257, 1265 (2016). *Johnson II*, in turn, held the residual clause of the ACCA, 18 U.S.C. § 924(e)(2)(B), was unconstitutionally vague. *Johnson v. United States*, 135 S. Ct. 2551 (2015). The Supreme Court found the residual clause left "grave uncertainty about how to estimate the risk posed by a crime" because it tied "the judicial assessment of risk to a judicially imagined 'ordinary case' of a crime, not to real-world facts or statutory elements." *Id.* at 2253. It also found the clause left "uncertainty about how much risk it takes for a crime to qualify as a violent felony." *Id.* at 2254. Petitioner sustains that these two holdings apply to his conviction under § 924(c) for aiding and abetting in a carjacking.

Recently, the Supreme Court determined that § 924(c)'s residual clause, which defined a crime of violence as "that by its nature, involv[ing] a substantial risk that physical force against the person or property of another may be used in the course of committing the offense",[1] "provides no reliable way to determine which offenses qualify as crimes of violence and thus is unconstitutionally vague". *United States v. Davis*, 139 S. Ct. 2319, 2324 (2019). Rejecting the Government's proposed use of a case-specific approach,[2] and noting that "there's no material difference in the language or scope of [the residual clauses in 18 U.S.C. § 16 and 18 U.S.C. § 924(c)(3)]",[3] the Supreme Court adopted its holdings from both *Johnson II* and *Dimaya*,[4] and upheld the Fifth Circuits' "conclusion that § 924(c)(3)(B) is unconstitutionally vague." *Davis*, 139 S. Ct. at 2336.

---

[1] 18 U.S.C. § 924(c)(3)(B).
[2] *See Id*. at 2329-30.
[3] *Id*. at 2326.
[4] In *Sessions v. Dimaya*, 137 S.Ct. 1204 (2018), the Supreme Court held that the residual clause contained in 18 U.S.C. § 16 was unconstitutionally vague.

Pursuant to Section 924(c), it is a crime for "any person, who during and in relation to any crime of violence . . . use[] or carr[y] a firearm, or who in furtherance of any such crime possesses a firearm[.]" 18 U.S.C. § 924(C)(1)(A). Further, Section § 924(c) defines a crime of violence under the force clause as "an offense that is a felony and has as an element the use, attempted use, or threatened use of physical force against the person or property of another." 18 U.S.C. §924(c)(3)(A).

The First Circuit has recently held that aiding and abetting a Hobbs Act robbery is a crime of violence under § 924(c)'s force clause, while holding that an aider and abettor is punishable as a principal, and thus no different for purposes of the categorical approach than one who commits the substantive offense. *See United States v. García-Ortiz*, 904 F.3d 102 (2018). Thus, for the purposes of the instant Petition, Ortiz-Brooks is punishable as a principal and no different from the defendant who committed the substantive offense.

The First Circuit further explained that,

> To assess whether a predicate crime qualifies as a 'crime of violence' under the force clause of § 924(c), 'we apply a categorical approach. That means we consider the elements of the crime of conviction, not the facts of how it was committed, and assess whether violent force is an element of the crime.

*United States v. Cruz-Rivera*, 904 F.3d 63, 66 (1st Cir 2018)(quoting *United States v. Taylor*, 848 F.3d 476, 491 (1st Cir.), *cert. denied*, ____ U.S. ____, 137 S. Ct. 2255, 198 L.Ed.2d 689 (2017).

Moreover, the federal carjacking statute provides that "[w]hoever, *with the intent to cause death or serious bodily harm* takes a motor vehicle that has been transported, shipped, or received in interstate or foreign commerce from the person or presence of another by force and violence or by intimidation, or attempts to do so, shall . . . be fined under this title or imprisoned not more than 15 years or both." 18 U.S.C. §§ 2119, 2119(1) (Emphasis ours). Thus, the elements of the offense of carjacking under § 2119 require that the Government prove that the defendant committed said

offense "with the intent of causing death or serious bodily harm". *See Id.* Petitioner contends that the aforementioned statute does not satisfy § 924(c)(3)(A)'s force clause because "(1) the offense can be committed by intimidation, which does not require violent force, (2) aiding and abetting does not require the use of violent force, and (3) the statute is indivisible, meaning we must presume the most innocent conduct proscribed by the federal carjacking statute formed the basis of the conviction." (Dkt. No. 1 at pp. 11-14)

Herein, "if this matter had proceeded to trial, the United States would have presented the testimony of agents of the Federal Bureau of Investigations and the Puerto Rico Police Department, and the victims, along with physical and documentary evidence. With said evidence, the Government would have proven beyond a reasonable doubt that on or about July 11, 2012, Ortiz-Brooks aiding and abetting co-defendants with the intent to cause death or serious bodily harm, did take a motor vehicle from the person or presence of EJL, that is, a 2000 Ford Explorer, bearing license plate number ECG-168, and Vehicle Identification Number (VIN): 1FMZU62E2YUB84011. Namely, the Government would have demonstrated that Ortiz-Brooks brandished a black colored handgun, which was used to take the motor vehicle from EJL by force, violence, and intimidation. Furthermore, the Government would have proven that EJL was abducted and suffered bodily injury. The Government would have also shown that the motor vehicle has been transported, shipped, and received in interstate and foreign commerce." *See* Crim No. 12-560 *Plea Agreement Statement of Facts* at Dkt. No. 58 at pp. 11-12.

Herein, Petitioner pled guilty to aiding and abetting a carjacking offense and aiding and abetting in the use of a firearm in furtherance of a carjacking offense. *See* Crim No. 12-560 at Dkt. No. 105 *Second Amended Judgment*. Considering the elements of a carjacking offense, namely, "whoever, with the intent to cause death or serious bodily harm takes a motor vehicle . . . from the

5

person or presence of another by force and violence or by intimidation . . .", the Court is bound to conclude that violence is required as part of the offense. Most critical and determinative, the First Circuit has concluded that a carjacking offense is a crime of violence under the force clause. *See United States v. Cruz-Rivera* 904 F.3d at 66.

Thus, consistent with the First Circuit's determination and regardless of the Supreme Court's determination in *Davis*, the Court finds it is irrelevant whether § 924(c)'s residual clause is unconstitutional as the type offense committed by the petitioner causes that the crime be considered "a crime of violence" as the federal carjacking statute contains the element of committing the crime "<u>with intent to cause death or bodily harm.</u>" 18 U.S.C. § 2119 (Emphasis ours). Petitioner effectively pled guilty in the instant case of conspiracy to take a motor vehicle with intent to cause death or serious bodily injury. Using a "black colored handgun" and further the "victim was abducted and suffered bodily injury." *See* Crim No. 12-560 *Plea Agreement Statement of Facts* at Dkt. No. 58 at p. 11.

Accordingly, the Court need not to proceed further. The Court holds that Ortiz-Brook's offense falls within the § 924(c) force clause. More importantly, the Defendant was found guilty of a carjacking offense which has been consistently ruled as a "crime of violence" as said offense requires the "intent to cause death or serious bodily harm." *See* 18 U.S.C. § 2119; *see also Cruz-Rivera*, 905 F.3d at 66. Thus, Petitioner's *Motion to Vacate, Set Aside or Correct Sentence* under 28 U.S.C. §2255 is **DENIED**.

### III. CONCLUSION

For the reasons elucidated above, the Court **DENIES** Petitioner, Kevin Ortiz-Brook's *Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside or Correct Sentence by a Person in Federal Custody* (Dkt. No. 1). Judgment of dismissal is to be entered accordingly.

It is further ordered that no certificate of appealability should be issued in the event that Petitioner filed a notice of appeal because there is no substantial showing of the denial of a constitutional right within the meaning of 28 U.S.C. § 2253(c)(2).

**IT IS SO ORDERED.**

In San Juan, Puerto Rico, this 3rd, day of December, 2019.

*S/Daniel R. Domínguez*
Daniel R. Domínguez
United States District Judge